## WILHELMINA ROY *vs.* LEVI J. ROY.

### JULY 6, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Divorce. Res Adjudicata. Evidence.*

In a former petition by respondent in present case, he asked for divorce on the ground of extreme cruelty, which was denied. Present petitioner filed

petition on ground of wilful desertion. Issue raised was as to whether the separation was begun on request of petitioner and whether present attitude of petitioner toward respondent justified him in not living with her. Separation began during period within which respondent in his former petition had charged the extreme cruelty of his wife to him.

*Held,* that while respondent was estopped to urge again the ground of extreme cruelty based upon acts of petitioner previous to the date of filing the former petition, such adjudication did not bar him from making a full defence to the present charge and evidence was properly admitted of circumstances attending the beginning of the separation even though such evidence involved an assault upon respondent by petitioner.

*(2) Divorce. Separation. Desertion.*

Separation by consent of husband and wife or at the request of the wife does not constitute wilful desertion. After such separation neither spouse can claim desertion in the other till that spouse has in good faith made an attempt at reconciliation and has sought a resumption of marital relations. If the conduct of the one seeking reconciliation is such as to raise a reasonable fear in the other that he may not with bodily safety resume such relation his refusal does not constitute desertion.

PETITION FOR DIVORCE. Heard on exception of petitioner and overruled.

SWEETLAND, C. J. This is a petition for divorce from bed and board and future cohabitation until the parties be reconciled, and for a separate maintenance. The ground of the petition is that the respondent has been guilty of wilfully deserting the petitioner for more than five years next preceding the date of filing the petition.

The case was tried before a justice of the Superior Court who denied the petition on the ground that the separation of the parties was commenced upon the direct request of the petitioner, and has continued with the consent of the parties, and further that the respondent is justly apprehensive of bodily harm from the petitioner and is warranted in refusing to live with her.

It appears that previous to the proceeding at bar each party had filed one or more petitions against the other seeking either a divorce from the bond of marriage or from bed and board. The petitioner in each of those cases was not granted the relief sought. In a former petition filed by

the respondent here he asked for a divorce from the petitioner at bar on the ground, among others, that she had been guilty of extreme cruelty toward him. At the trial of that case a justice of the Superior Court denied the petition for the reason that, in the opinion of the justice, the evidence did not establish the charges, including that of cruelty. That decision was not appealed from, and has not been reversed or modified.

(1)    At the trial of this case in the Superior Court the fact that the parties had been living apart was not denied by the respondent. The issue raised by the evidence was as to whether the separation was begun upon the request of, and with the consent of, the petitioner, and whether the present attitude of the petitioner toward the respondent was such as to justify him in not living with her. There was evidence before the justice which warranted a finding that, at the time of the separation, the petitioner requested the respondent to leave their home. This separation began during the period within which the respondent here, in his former petition, had charged the extreme cruelty of his wife toward him. At the trial of the case at bar evidence was admitted as to the occurrences which led up to and began the separation. Included in that evidence was testimony of an assault by the petitioner upon the respondent at the time he was leaving their home. It appears that the husband is a cripple and the wife a normally vigorous woman.

The petitioner excepts to the decision of the justice on the ground that the justice admitted evidence of an assault by her upon her husband when the separation began, and that the decision amounts to a holding that the respondent was justified in living apart from the petitioner because of her cruelty to him, notwithstanding that the issue of the cruelty of the petitioner to the respondent at the time of the separation of the parties was adjudged adversely to the respondent in his former petition.

The issue in the case at bar is distinct from that adjudicated at the former trial. There the cause of action

litigated was, among others, the allegation that Mrs. Roy was guilty of extreme cruelty to her husband. That issue was decided in favor of Mrs. Roy. Upon that issue the husband is estopped by the decision. He will not be permitted to urge again that ground for divorce, based upon acts of the wife previous to the date of filing the petition upon which the decision was entered. That adjudication, however, does not bar him from making a full defence to the present charge that he was guilty of wilful desertion in leaving his wife and remaining away from her, and in refusing to become reconciled with her at her request. The justice properly admitted evidence of the circumstances attending the beginning of the separation even though such evidence involved the story of an assault upon the respondent by his wife. The justice in his decision specifically excludes the matter of the wife's violence as justification for the husband's action in leaving her, and relies upon the finding that the separation was commenced with the consent of the petitioner and upon her direct request.

(2)   The petitioner in her testimony claimed that during the separation she had invited the respondent to return and resume marital relations with her but that he had refused so to do. In determining whether the respondent was warranted in refusing her request, the justice might properly consider her action at the time the separation began and, although such action did not amount to a ground for divorce, he might find it to have been grave misconduct bearing upon the present issue and proper to be considered in connection with her subsequent attitude toward the respondent, and her appearance and conduct before the justice at the trial. The justice found that the respondent was not under obligation to become reconciled with the petitioner by reason of a present, just apprehension on his part of bodily harm from her. From an examination of the transcript of evidence we can not say that the findings of the justice upon the facts were erroneous. Upon the facts, as the justice found them, his decision was not erroneous in law. The separation, by consent of husband and wife or at the request of the wife,

does not constitute wilful desertion on the part of the husband. After such separation neither spouse can claim desertion in the other, till that spouse has, in good faith, made an attempt at reconciliation and has sought a resumption of marital relations. If the conduct of the one seeking reconciliation is such as to raise a reasonable fear in the other that he may not with bodily safety resume such relation his refusal does not constitute desertion.

The petitioner's exception is overruled. The case is remitted to the Superior Court for further proceedings following the decision.

*Anthony V. Pettine*, for petitioner.
*Cooney & Cooney, Walling & Walling*, for respondent.